# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| DEBORAH D. THOMAS | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:22-CV-2272-S |
| DENIS MCDONOUGH, Secretary, | § | |
| Department of Veterans Affairs, and | § | |
| DEPARTMENT OF VETERANS | § | |
| AFFAIRS | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendants' Motion to Dismiss ("Motion") [ECF No. 8]. Having reviewed and considered the Motion, including the final order issued by the Department of Veterans Affairs Office of Employment Discrimination Complaint Adjudication ("Final Order") [ECF No. 8-2], Plaintiff's Response to Defendants' Motion to Dismiss ("Response") [ECF No. 20], Defendants' Reply to Motion to Dismiss [ECF No. 21], and the applicable law, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion.

### I. BACKGROUND

This is an employment discrimination lawsuit. Plaintiff Deborah D. Thomas was employed by Defendant Department of Veterans Affairs ("VA") for approximately 26 years. Pl.'s Original Compl. ("Complaint") [ECF No. 1] ¶ 9. In the Complaint, Plaintiff sets out a list of "events" that allegedly amount to discrimination, retaliation, and hostile work environment. *See id.* ¶¶ 10-32. On October 10, 2022, she filed suit against the VA and its Secretary, Defendant Denis McDonough, alleging discrimination, hostile work environment, and retaliation based on race, sex, and disability in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791, and 42 U.S.C. § 1981. Compl. ¶¶ 1, 7-8.

Defendants moved to dismiss on several grounds: (1) Plaintiff did not file her Complaint within ninety days of receipt of the Final Order; (2) Plaintiff improperly asserts claims under both 42 U.S.C. § 1981 and the ADA; and (3) Plaintiff's claims against the Department of Veterans Affairs should be dismissed because the agency is not a proper party.

## II. LEGAL STANDARD

To defeat a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007). In ruling on a Rule 12(b)(6) motion, the court limits its review to the face of the pleadings. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). If a court considers matters outside the pleadings on a motion under Rule 12(b)(6), "the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d). However, "district court[s] may rely on evidence outside the complaint, without converting the Rule 12(b)(6) motion into a motion for summary judgment, if that evidence is . . . attached to the . . . motion, referred to in the complaint, and central to the plaintiff's claim; or . . . subject to judicial notice." *George v. SI Group, Inc.*, 36 F.4th 611, 619 (5th Cir. 2022) (citation omitted).

Dismissal under Rule 12(b)(6) is appropriate based on a successful affirmative defense only when the defense appears clearly on the face of the complaint. *See Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986) (citing *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)); *see also Jordan v. Open MRI of Dallas*

*LLC*, Civ. A. No. 3:19-cv-2269-S, 2020 WL 3405233, at *2 (N.D. Tex. June 18, 2020) ("[A]lthough defendants bear the burden of pleading and proving affirmative defenses, where facts alleged in plaintiff's pleadings *make clear* that the claim is barred, dismissal under Rule 12(b)(6) may be granted." (internal quotation marks and citation omitted)).

### III. ANALYSIS

#### *A. Administrative Exhaustion*

First, the Court considers Defendant's argument that Plaintiff's Title VII and Rehabilitation Act claims are barred due to her failure to exhaust administrative remedies. Mot. 6. Before seeking relief in federal court, employment discrimination plaintiffs bringing claims under Title VII and the Rehabilitation Act must exhaust their administrative remedies. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002) (citation omitted); 29 U.S.C. § 794a (adopting by reference the enforcement scheme and remedies established under Title VII). The administrative exhaustion requirement is not jurisdictional; it is a precondition to suit that is treated as an affirmative defense. *Stroy v. Gibson*, 896 F.3d 693, 698 (5th Cir. 2018) (citations omitted); *Davis v. Fort Bend County*, 893 F.3d 300, 307 (5th Cir. 2018) (citation omitted).

Plaintiffs filing claims under Title VII and the Rehabilitation Act have ninety days to file a civil action in federal court after receipt of "final agency action." 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407(a); *McCloud v. McDonough*, 2023 WL 2525656, at *2 (5th Cir. 2023) (citation omitted). "[S]trict compliance with § 2000e–16(c) is a necessary predicate to a Title VII suit." *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 94 (1990) (citation omitted). Thus, the Court must determine what constitutes receipt of final agency action. In a case involving 42 U.S.C. § 2000e-5(f)(1), the Fifth Circuit held that "the 90-day period of limitation . . . begins to run on the date that the EEOC right-to-sue letter is delivered to the offices of formally designated counsel or

3

to the claimant." *Ringgold v. Nat'l Maint. Corp.*, 796 F.2d 769, 770 (5th Cir. 1986) (citation omitted). And the Fifth Circuit has held that Section 2000e-16(c), the statutory provision at issue in this case, "should be viewed as analogous to [Section] 2000e–5(f)(1)." *Carrizal v. Brennan*, 834 F. App'x. 915, 918 (5th Cir. 2020) (citation omitted). Thus, the ninety-day period under Section 2000e-16(c) begins when final agency action[1] is delivered to either the claimant or her counsel.

Here, Defendants claim that Plaintiff's Title VII and Rehabilitation Act claims should be dismissed "because [Plaintiff] filed her federal complaint too late—five days after the deadline to bring suit in federal court." Mot. 8. Defendants contend that the ninety-day limitations period began on July 7, 2022, the date Defendants issued and sent the Final Order. *Id.* In support of their argument, Defendants provide the Final Order and the email transmitting the Final Order to Plaintiff and Plaintiff's counsel ("Transmittal Email") [ECF No. 8-3].[2] The Final Order is attached to the Motion, incorporated by reference in Plaintiff's Complaint, and central to Plaintiff's claim. *See George*, 36 F.4th at 619 (citation omitted); Compl. ¶ 6. Accordingly, in evaluating the Motion, the Court considers the factual allegations in the Complaint and the Final Order.

In her Complaint, Plaintiff alleges that she received the Final Order "[o]n or about July 12, 2022," Compl. ¶ 6, which the Court accepts as true. *Taylor*, 296 F.3d at 378 (citation omitted). Neither the Complaint nor the Response addresses when the Final Order was delivered to Plaintiff's counsel. Plaintiff contends that although the Final Order was sent on July 7, 2022, the ninety-day period did not begin until July 12, 2022, the date Plaintiff received the email. Resp. 3. Plaintiff further argues that her receipt of the Final Order fell within the period prescribed by the

---

[1] Here, it is undisputed that the Final Order was the VA's final agency action.

[2] Neither Plaintiff nor Defendants seek to convert the Motion into a motion for summary judgment, and the Court declines to exercise its discretion to do so. Therefore, the Court will not consider the Transmittal Email, as it is extrinsic to the pleadings.

Certification of Service. *Id.* The Certification of Service reads, in relevant part: "For timeliness purposes, it shall be presumed that the parties received the Final Order within five (5) calendar days after the date it was sent via electronic mail." *See* Final Order 5.

Viewing the facts alleged in the Complaint and Final Order as true and in the light most favorable to the plaintiff, the Court finds that Plaintiff had ninety days from July 12, 2022—that is, until October 10, 2022—to file suit. The Complaint was thus timely filed. And because all of the elements of the exhaustion defense have not been met on the face of the pleadings, Defendants are not entitled to dismissal under Rule 12(b)(6) on the basis that the action is untimely. *See Clark*, 794 F.2d at 970 (citation omitted).

### *B. Section 1981 and ADA Claims*

The Court now considers the additional arguments for dismissal raised by Defendants in the footnotes of their Motion.[3] With respect to Defendants' challenge to Plaintiff's claims under 42 U.S.C. § 1981 and the ADA, *see* Mot. 6 n.4, the Fifth Circuit has held that "[T]itle VII provides the exclusive remedy for employment discrimination claims raised by federal employees." *Jackson v. Widnall*, 99 F.3d 710, 716 (5th Cir. 1996) (citation omitted); *see also Sapp v. Potter*, 413 F. App'x 750, 753 (5th Cir. 2011) (affirming dismissal of Section 1981 claims based on "clear precedent" holding that Title VII is the exclusive remedy for claims of racial discrimination in federal employment). Therefore, Plaintiff's Section 1981 claim cannot survive.

As to Plaintiff's claim under the ADA, Defendants correctly maintains that "the Rehabilitation Act—not the ADA—applies to federal agencies." Mot. 6 n.4. Government agencies are expressly excluded from the ADA's definition of "employer." *See* 42 U.S.C. § 12111(5)(B)(i) ("The term 'employer' does not include—the United States [or] a corporation wholly owned by

---

[3] Plaintiff did not contest either argument in her Response.

5

the government of the United States. . . ."). As a result, Plaintiff's claim under the ADA also fails. *See Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007) (dismissing ADA claim brought against the United States Army Corps of Engineers, a federal government employer).

### *C. Claims Against the Department of Veterans Affairs*

Finally, the Court considers Defendants' assertion that McDonough in his official capacity is the proper defendant for Plaintiff's claims. Although Defendants concede that "Plaintiff properly brings claims against . . . McDonough in his official capacity as head of the agency," Defendants argue that Plaintiff's claims against the VA should be dismissed because the agency itself is not a proper party. Mot. 2 n.1. The Court agrees. "Under Title VII and the Rehabilitation Act the proper defendant is 'the head of the department, agency, or unit, as appropriate.'" *Honeycutt v. Long*, 861 F.2d 1346, 1349 (5th Cir. 1988) (citing 42 U.S.C. § 2000e-16(c); 29 U.S.C. § 794a(a)(1)). In this case, only McDonough, in his capacity as head of the VA, is the proper defendant. *See id.*; *Skoczylas v. Fed. Bureau of Prisons*, 961 F.2d 543, 544 (5th Cir. 1992) (finding that the only proper defendant for the plaintiff's discrimination claims was "the head of the department, agency, or unit" (quoting 42 U.S.C. § 2000e-16(c))).

## IV. CONCLUSION

For the aforementioned reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss [ECF No. 8]. The Court **DENIES** the Motion as to Defendants' contention that Plaintiff failed to exhaust administrative remedies. The Court **GRANTS** the Motion and **DISMISSES WITH PREJUDICE** Plaintiff's claims against Defendant Department of Veterans Affairs, as well as Plaintiff's claims under 42 U.S.C. § 1981 and the ADA.

**SO ORDERED.**

SIGNED March 26, 2024.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**