# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| DEBORAH D. THOMAS § | |
| § | |
| v. § | CIVIL ACTION NO. 3:22-CV-2272-S |
| § | |
| DENIS MCDONOUGH, Secretary, § | |
| Department of Veterans Affairs § | |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendant Denis McDonough, Secretary, U.S. Department of Veterans Affairs' Motion for Summary Judgment ("Motion") [ECF No. 31]. The Court has reviewed and considered the Motion, the Brief in Support of the Motion ("Defendant's Brief") [ECF No. 32], the summary judgment evidence presented, *see* Def.'s App. to Mot. for Summ. J. ("Defendant's Appendix") [ECF No. 33], and the applicable law. For the following reasons, the Court **GRANTS** the Motion.

## I. BACKGROUND

This is an employment discrimination lawsuit. Plaintiff Deborah D. Thomas has been employed by the Department of Veterans Affairs ("VA") for approximately 26 years. Pl.'s Original Compl. ("Complaint") [ECF No. 1] ¶ 9; Def.'s App., Ex. 1 ("Exhibit 1") [ECF No. 33-1] 002. Plaintiff alleges that during her employment she has been the victim of multiple "events" that have amounted to discrimination, retaliation, and a hostile work environment. *See* Compl. ¶¶ 10-32. In 2020 and 2021, Plaintiff filed two discrimination claims with the VA's Office of Resolution Management, Diversity & Inclusion. Ex. 1 at 002; Def.'s App., Ex. 2 ("Exhibit 2") [ECF No. 33-2] 007-19. After the VA completed its investigation of the claims, Plaintiff requested a hearing for each of the two complaints with the Equal Employment Opportunity Commission ("EEOC"). Ex. 1 at 002.

For the complaint process, the EEOC uses a portal where the complaining party may register and then receive notifications via email when documents are uploaded to the portal. *Id.* at 003. Parties are notified of all EEOC filings via their email addresses on file with the EEOC, and the EEOC generally does not mail copies of the orders to the parties, unless no email address is provided. *Id.* Throughout the administrative process, Plaintiff communicated with the VA and EEOC through her work email address, Deborah.Thomas8@va.gov. Ex. 2 at 007, 0012, 0020-24. For the first EEOC complaint, Plaintiff informed the VA and EEOC that she was represented by Marshay Iwu, who could be reached at marshayiwu@lawyersdemandingjustice.com. Ex. 1 at 003. Later in the administrative process, Plaintiff informed the VA and EEOC that Marshay Timese Howard was representing her for both EEOC complaints, and that Howard could be reached at marshayhoward@ymail.com. *Id.*; Ex. 2 at 036-37.

On July 1, 2022, the EEOC issued its Decision and Order Entering Judgment, dismissing Plaintiff's claims. Ex. 2 at 0063-72. It uploaded this decision to the portal, notifying Plaintiff and her counsel via all three email addresses on file. Ex. 1 at 004; Ex. 2 at 0067; Def.'s App., Ex. 4 ("Exhibit 4") [ECF No. 33-4] 085; Def.'s App., Ex. 5 ("Exhibit 5") [ECF No. 33-5] 096. After the EEOC issues its decision in a matter, the VA's practice is to review the underlying claims and then send the complainant a final agency decision. Ex. 1 at 004; Def.'s App., Ex. 3 ("Exhibit 3") [ECF No. 33-3] 082-83. On July 7, 2022, in accordance with that practice, the VA's Office of Employment Discrimination Complaint Adjudication sent Plaintiff and her counsel its Final Order via email to two email addresses: Deborah.Thomas8@va.gov and marshayhoward@ymail.com. Ex. 1 at 004; Ex. 2 at 075-81. In the Final Order, the VA accepted the EEOC's decision and notified Plaintiff of her right to sue "[w]ithin 90 days of receipt of this final decision if no appeal to the [EEOC, Office of Federal Operations] has been filed." Ex. 2 at 075, 077.

2

On October 10, 2022, Plaintiff filed this suit, 95 days after the VA sent the Final Order via email to Plaintiff and her counsel. *See* Compl. Plaintiff brings claims for discrimination, hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., and the Rehabilitation Act of 1973, 29 U.S.C. § 791. *Id.* ¶¶ 1, 7-8.

Defendant moved to dismiss, arguing that Plaintiff failed to file suit within ninety days of receipt of the Final Order on July 7, 2022. Def.'s Mot. to Dismiss [ECF No. 8] 6-8. Plaintiff alleged that she received the Final Order "[o]n or about July 12, 2022," and did not allege the date on which her counsel received the Final Order. Mem. Op. & Order [ECF No. 24] 4 (quoting Compl. ¶ 6). "Viewing the facts alleged in the Complaint and Final Order as true and in the light most favorable to [Plaintiff]," as it must at the pleading stage, the Court denied the Motion to Dismiss as to Defendant's timeliness defense. *Id.* at 4-5. In that holding, the Court noted that "[n]either Plaintiff nor Defendant[] seek to convert the Motion [to Dismiss] into a motion for summary judgment," and so refused to consider evidence extrinsic to the pleadings. *Id.* at 4 n.2.[1]

Subsequently, Defendant filed the Motion, moving for summary judgment on one ground: that Plaintiff did not file this suit within ninety days of receipt of the Final Order. Def.'s Br. 1, 7-10. Plaintiff did not file a response.

## II. LEGAL STANDARD

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the

---

[1] Plaintiff also brought claims under 42 U.S.C. § 1981 and the Americans with Disabilities Act and brought claims against the VA, *see* Compl., but the Court dismissed those claims and the VA. Mem. Op. & Order 5-6.

3

party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, he "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) showing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322-25. Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "[C]onclusory statements, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010). The Court resolves factual controversies in favor of the nonmoving party "only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) (citing *McCallum Highlands, Ltd. v. Wash. Cap. Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### III. ANALYSIS

The single issue presented in this case is whether Plaintiff failed to file suit within ninety days of receiving the Final Order. Because the Court answers this question in the affirmative, Defendant is entitled to summary judgment.

"There are two requirements for filing a Title VII [or Rehabilitation Act] action in federal court: 1) the complaint must be filed within the time allotted by Title VII [or the Rehabilitation

Act], and 2) the complainant must first have exhausted her administrative remedies." *Tolbert v. United States*, 916 F.2d 245, 247 (5th Cir. 1990); *see also* 29 U.S.C. § 794a (adopting by reference the enforcement scheme and remedies established under Title VII).

To satisfy the timeliness requirement, a plaintiff filing claims under Title VII and the Rehabilitation Act must file a civil action in federal court within ninety days after receipt of "final agency action." 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407(a); *McCloud v. McDonough*, No. 22-10357, 2023 WL 2525656, at *2 (5th Cir. Mar. 15, 2023) (citation omitted). "[S]trict compliance with § 2000e–16(c) is a necessary predicate to a Title VII suit." *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 94 (1990) (citation omitted). District courts within the Fifth Circuit "have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (citation omitted). As the Court previously held, the ninety-day limitation period under Section 2000e-16(c) begins when final agency action is delivered to either the claimant or her counsel. Mem. Op. & Order 4.

Here, Defendant argues that Plaintiff's claims should be dismissed because Plaintiff filed suit more than ninety days after she and/or her counsel received notice of the Final Order.[2] Def.'s Br. 8-11. According to Defendant, the ninety-day limitation period began on July 7, 2022, the date the VA issued and sent the Final Order via email to Plaintiff and her counsel. *Id.* In support of his argument, Defendant provides, among other things, the email transmitting the Final Order to Plaintiff ("Transmittal Email"), the Final Order, and a declaration from a Paralegal Specialist at the VA attesting to the date on which she sent the Transmittal Email to Plaintiff and her counsel. Ex. 2 at 073-84. The Certification of Service in the Final Order provides that it was sent on

---

[2] As noted previously, the parties do not dispute that the Final Order was the VA's final agency action. *See* Mem. Op. & Order 4 n.1.

July 7, 2022. *Id.* at 079-80. The Transmittal Email with the Final Order attached was sent to Plaintiff and her counsel on July 7, 2022, at 12:28 p.m. *Id.* at 073. And the VA's Paralegal Specialist declared under penalty of perjury that she sent Plaintiff and her counsel the Final Order via the Transmittal Email on July 7, 2022. Ex. 3 at 083-84. With this evidence, Defendant has met his burden to show that Plaintiff and/or her counsel received the Final Order via the Transmittal Email on July 7, 2022, and thus, that Plaintiff filed her civil suit after that ninety-day limitation period had passed.

Because Defendant met his burden to show that no genuine issue of material fact exists as to this affirmative defense, the burden shifts to Plaintiff to rebut that evidence and establish that there is a genuine issue of material fact. *See Matsushita*, 475 U.S. at 586-87. Plaintiff has not carried her burden. She did not respond to the Motion and thus did not submit any countervailing evidence to rebut Defendant's evidence. Yet "summary judgment cannot be supported solely on the ground that [the non-moving party] failed to respond to [a] motion for summary judgment," and "on a motion for summary judgment, the district court must consider the *record as a whole*, not simply those portions of the record relied upon by the moving party." *John v. State of La. (Bd. of Trustees for State Colls. & Univs.)*, 757 F.2d 698, 709, 711 (5th Cir. 1985) (citation omitted).

Viewing the record as a whole, the Court agrees with Defendant and finds that Plaintiff received the Final Order on July 7, 2022, that the ninety-day limitation period began on that date, and that Plaintiff filed this civil suit after the limitation period had passed. The only two arguments Plaintiff raises in the record, both of which were asserted at the pleading stage and are not supported by evidence, are not persuasive.

First, in Plaintiff's Response to Defendants' Motion to Dismiss ("Dismissal Response") [ECF No. 20], Plaintiff argued that while the Transmittal Email was sent on July 7, 2022, she "did

6

not *receive* the" Final Order until July 12, 2022. Dismissal Resp. 3. By failing to respond to this Motion, however, Plaintiff never provided the Court with any evidence to support the allegation that she and/or her counsel did not receive the email on the date it was sent. While the Court must draw all reasonable inferences in favor of the non-movant, it cannot "infer that [P]laintiff did not receive the email when it was sent . . . without any evidence supporting that argument." *Young v. Martin Marietta Materials Inc.*, No. 6:22-CV-00272, 2023 WL 36069, at *1 (E.D. Tex. Jan. 4, 2023); *see also McCallum Highlands, Ltd.*, 66 F.3d at 92 ("[Courts] do not, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." (citation omitted)).

Second, Plaintiff argued in the Dismissal Response that her alleged receipt date of July 12, 2022, is "within the presumed receipt timeline" since the Transmittal Email was sent with a Certification of Service stating: "For timeliness purposes, it shall be presumed that the parties received the Final Order within five (5) calendar days after the date it was sent via electronic email." Dismissal Resp. 3; Ex. 2 at 079. This argument is unavailing.

The timeline provided in the Certification of Service mirrors case law regarding receipt of mail in the Fifth Circuit that "presumes receipt within three to seven days of the date on which [the document] was mailed." *Bernstein v. Maximus Fed. Servs., Inc.*, 63 F.4th 967, 970 (5th Cir. 2023) (citation omitted). This principle, however, is inapplicable in this case. It "functions merely to create a presumption of receipt, [and] it only comes into play when there is a material question as to whether a document was actually received." *Custer v. Murphy Oil USA, Inc.*, 503 F.3d 415, 419 (5th Cir. 2007) (citation omitted). Even where, as here, a final agency action explicitly includes a presumption of receipt, this presumption is only "appropriate when the actual date of receipt [is] unknown." *Morgan v. Potter*, 489 F.3d 195, 196-97 (5th Cir. 2007) (citation omitted). Here,

7

Defendant has provided sufficient evidence that Plaintiff and/or her counsel received the Final Order on July 7, 2022, via the Transmittal Email. *See, e.g.*, Ex. 2 at 073-81; Ex. 3 at 083-84. Plaintiff has provided no evidence to the contrary, and there is no conflicting evidence in the record. As such, the actual date of receipt is known, and the presumption of receipt is "unnecessary and inappropriate." *Zamora v. GC Servs., L.P.*, 647 F. App'x 330, 332 (5th Cir. 2016) (citation omitted).

Viewing all evidence and drawing all reasonable inferences in the light most favorable to Plaintiff, the Court finds that Defendant is entitled to summary judgment. All of the evidence in the record demonstrates that Plaintiff and/or her counsel received the Final Order via the Transmittal Email on July 7, 2022, meaning that the ninety-day limitation period began on that date. Because Plaintiff did not file the Complaint until October 10, 2022, her lawsuit is untimely under the relevant statutes, Defendant has demonstrated that he is entitled to summary judgment on his affirmative defense, and this case must be dismissed.

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant's Motion for Summary Judgment [ECF No. 31]. This case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

SIGNED September 13, 2024.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**